UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| MIGUEL TORRES GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>DHS, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-01225-MMD-BNW<br><br>ORDER |

Petitioner Miguel Torres Gonzalez, an immigration detainee challenging the lawfulness of his federal detention at Nevada Southern Detention Center, filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1-1 ("Petition")) and a motion for the appointment of counsel (ECF No. 1-2 ("Motion for Counsel")). The Court first finds Petitioner has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP").[1] The Court also finds, however, that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[2]

Broadly construing the Petition, Petitioner asserts that his detention is unlawful and that he was in removal proceedings before an Immigration Court. (ECF No. 1-1 at 2.) The

---

[1]A $5.00 filing fee is required to initiate a habeas action in a federal district court. 28 U.S.C. § 1914(a). The Court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if the petitioner submits an IFP application on the approved form and includes three documents: (a) the petitioner's financial declaration and acknowledgement showing an inability to prepay fees and costs; (b) a financial certificate signed by the petitioner and an authorized prison official; and (c) a copy of the petitioner's account statement for the six-month period prior to filing. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

[2]Petitioners seeking habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A.

Court cannot determine from the *pro se* Petition under what statutory authority Petitioner is detained or what constitutional claims he may have. Therefore, the Court will defer ruling on the Petition but directs service on the United States Attorney's Office for the District of Nevada ("USAO").

It is therefore ordered that the Motion for Counsel (ECF No. 1-2) is granted. The Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within seven days of the date of this Order. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that if the FPD files a notice of appearance in this matter, it (1) will then have 30 days from the date of this Order to file either an amended petition or a motion to dismiss the Petition, (2) shall effectuate service of the amended petition, if one is filed, on Respondents, and (3) shall file a motion for leave to proceed *in forma pauperis* on Petitioner's behalf.

It is further ordered that the Petition (ECF No. 1-1) is deferred.

It is further kindly ordered that the Clerk of Court:

1. File the Petition (ECF No. 1-1).

2. Add the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

3. Send a copy of the Petition (ECF No. 1-1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

///

2

4.  Mail a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

5.  Send, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to counsel for proper respondent John Mattos: Ashlee Hesman at ahesman@strucklove.com.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the Respondents shall not transfer Petitioner out of this District until further Court order.[3]

DATED THIS 22nd Day of April 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3]*See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").